FRANK COVERDALE, d. b. a., *vs.* RICKARDS and WATSON, p. b. r.

*Appeal—Sale of Machine; To be Returned if Not Satisfactory;
Must be Reasonably Adapted to Its Purpose; When to be
Returned if Not Satisfactory—Reasonable Time—
What to be Determined by the Court and
What by the Jury.*

1.   Where an action is brought for the price of a machine which was sold under an agreement that it might be returned if not satisfactory, it is incumbent on the defendant to show that the machine was so defective as not to be reasonably adapted to the uses for which it was sold; and also that he returned it within a reasonable time, unless the plaintiff induced delay by waiving the rule requiring a return within a reasonable time.

2.   When the facts are in dispute the question of reasonable time should be submitted to the jury.   What constitutes a reasonable time may be determined by the nature of the article sold, the usual course of the particular business or trade, and other circumstances relevant to the time of the rescission of the sale or return of the articles sold.   Reasonable time means without undue delay and with as much promptitude and despatch as the circumstances of the case will admit.

*(October* 17, 1907.)

LORE, C. J., and GRUBB and BOYCE, J. J., sitting.

*John M. Richardson* for defendant below, appellant.

*James A. Marsh* and *C. W. Cullen* for plaintiffs below, respondents.

Superior Court, Sussex County, October Term, 1907.

APPEAL from a judgment rendered by a Justice of the Peace, in and for Sussex County (No. 84, April Term, 1907).
The facts appear in the charge of the Court.

BOYCE, J., charging the jury:

Gentlemen of the jury:—This is an appeal from a judgment

rendered by a Justice of the Peace in this county. The action was brought to recover the price of a grain drill, alleged to have been sold by the plaintiffs to the defendant. The amount claimed to be due the plaintiffs is the sum of seventy-five dollars, with interest from October 9th, 1906.

The plaintiffs maintain that, under a contract of sale made a few days before, they delivered the drill to the defendant on the said ninth day of October, and that the defendant or someone for him, returned the drill to them, on the twenty-sixth day of the same month, by leaving the same on their premises at the blacksmith shop; that the defendant has since refused to take the drill back and pay for the same.

The defendant admits the sale and delivery of the drill and the return thereof to the plaintiffs in about two weeks after it had been delivered to him, and he further admits that he has refused to pay for the drill.

The defendant claims that the drill was sold to him with this understanding and agreement that in the use of it, it was to be satisfactory, and if not satisfactory he was at liberty to return it to the plaintiffs; and he contends that no time was fixed for the return of the drill, in the event that it did not prove satisfactory.

The plaintiffs admit that they sold the drill with the under standing that if it did not prove satisfactory the defendant might return it in two days thereafter.

Whether there was any material defect in the drill, such as to make it reasonably unsatisfactory, is a question of fact for you to determine from all the evidence produced before you.

The defendant, having bought, received and used the drill, under the alleged agreement that he might return it if it was not satisfactory, must satisfy you by a preponderance of the evidence that it was so defective in its construction as not to be reasonably adapted to the uses for which it was sold; and if you find from the evidence that the drill was not reasonably suitable for the purposes for which it was sold, then it is still incumbent upon the defendant to show that he returned it to the plaintiffs within

a reasonable time after he discovered the defects, unless the plaintiffs induced the delay by statements to the defendant amounting to a waiver of the rule requiring a return within a reasonable time. This Court has said, what will constitute a reasonable time within which an offer to rescind a contract should be made, was a question for the Court; whether such a reasonable time had elapsed before it was made in any case arising, was a question of fact for the jury. And that would depend to some extent on the circumstances of the case. But the general rule of law on the subject is that it must be done when allowable, without undue delay, and with as much promptitude and dispatch as the circumstances of the case will admit.

*Wilson vs. Fisher,* 5 *Houst.* 395.

Where the facts are in dispute, as in this case, we think the question of reasonable time should be submitted to the jury; and whether the drill, in this case, was returned in a reasonable time under the agreement of sale between the parties, we leave to you, gentlemen of the jury, for your determination under all the evidence adduced before you. What constitutes a reasonable time may be determined by the nature of the articles sold, the usual course of the particular business or trade, and other circumstances relevant to the time of the rescission of the sale or return of the articles sold, as shown by the evidence in the case. (*Walker vs. Taylor,* 4 *Pennewill* 118.)

If you are satisfied from the evidence that the drill was in itself defective and not reasonably adapted to the purpose for which it was made and sold, and that the defendant on discovering the defect returned it to the plaintiffs, within a reasonable time, then your verdict should be for the defendant.

On the other hand, if you find that the drill was not defective in itself, or if you find that it was defective and not reasonably satisfactory for the purpose for which it was made and sold to the defendant, and that he did not return it with reasonable promptitude under all the facts and circumstances of the case (unless the delay in returning it was induced by statements or con-

duct of the plaintiffs), then your verdict should be for the plaintiffs for such sum as the defendant agreed to pay for the drill, with interest from the time the drill was delivered to him.

You will now take this case and return your verdict for the party in whose favor the evidence preponderates.

Verdict for plaintiffs for $79.60.